**Shkelqim DUKA, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 05–3746–ag.

United States Court of Appeals, Second Circuit.

Sept. 12, 2006.

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Richard D. Humphrey, Assistant United States Attorney (Stephen P. Sinnott, United States Attorney, on the brief), United States Attorney's Office for the Western District of Wisconsin, Madison, WI, for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Shkelqim Duka, a native and citizen of Macedonia, seeks review of an order of the BIA, *see In re Duka*, File No. A 95 149 726 (BIA June 23, 2005), affirming by brief order the February 2, 2004 order of Immigration Judge Helen Sichel ("the IJ") denying Duka's requests for asylum, withholding of removal under the Immigration and Nationality Act, and relief under the United Nations Convention Against Torture ("CAT"),[1] *see In re Duka*, File No. A 95 149 726 (Immig. Ct. N.Y. City Feb. 2, 2004).

We assume the parties' familiarity with the underlying facts and procedural history.

Judge Sichel found that Duka's testimony was not sufficiently persuasive to meet his burden of proof and accordingly denied all of his requests for relief. In the context of this record, this finding clearly implies a rejection of the petitioner's credibility. In his petition, Duka argues that the IJ's finding that he failed to meet his burden was not supported by substantial evidence.

When the BIA affirms an IJ's order with a brief order fully adopting the IJ's decision, we review the IJ's decision as the final agency determination. *See, e.g.,*

*Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006); *Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). In judicial review of orders of removal, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We are especially deferential when reviewing adverse credibility determinations. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004).

We conclude that, in the circumstances presented here, the IJ's decision was based upon substantial evidence. Based on our review of the record, we cannot conclude that "any reasonable adjudicator would be compelled to conclude" that the IJ's findings—which he based on Duka's "evasive" testimonial demeanor in addition to inconsistencies in Duka's statements at the hearing before the IJ and Duka's failure to present certain evidence that might have supported his claims—were incorrect. We therefore decline to disturb the IJ's finding that Duka's testimony was insufficient to meet his burden of proof in an asylum proceeding.

Because Duka did not demonstrate the well-founded fear of persecution needed to qualify for asylum, he cannot qualify for withholding of removal. *See Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir.1999).

In addition, the findings the IJ relied upon in concluding that Duka did not qualify for asylum also provide substantial evidence for the IJ's conclusion that Duka does not qualify for relief under the CAT.

For the foregoing reasons, the petition for review is **DENIED**.

Having completed our review, any stay of removal that the Court previously

---

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; *see also* 8 C.F.R. § 1208.16 (regulations implementing the CAT).

granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot.