**Shkelqim DUKA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–4630–ag.

United States Court of Appeals, Second Circuit.

July 24, 2008.

Andrew P. Johnson, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, James E. Grimes, Senior Litigation Counsel, Daniel Glenn Lonergan, Trial Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Shkelqim Duka, a native and citizen of Macedonia, seeks review of the September 26, 2007 order of the BIA denying his motion to reopen. *In re Shkelqim Duka*, No. A95 149 726 (B.I.A. Sept. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). "An abuse

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Duka's motion to reopen. As the BIA concluded, none of the evidence Duka submitted was sufficient to overcome the underlying credibility determination, a determination we previously found to be supported by substantial evidence. *See Duka v. Gonzales,* 195 Fed.Appx. 29 (2d Cir. 2006); *see also Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (determining the BIA did not abuse its discretion in denying a motion to reopen because the new evidence did not rebut the underlying adverse credibility finding).

The BIA also reasonably found that the documents Duka submitted did not establish changed country conditions in Macedonia that would warrant reopening his removal proceedings. At most, the documents submitted established a continued level of unrest in areas of Macedonia, not changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). For example, as the BIA accurately noted in its order, the 2005 State Department Report contained the results from a survey that demonstrated, for the first time in 7 years, that a majority of both ethnic Albanians and ethnic Macedonians held favorable opinions of the other ethnic group. Ultimately, the BIA, in considering the record as a whole, did not abuse its discretion in denying Duka's motion to reopen. *See Ke Zhen Zhao,* 265 F.3d at 97.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.